ORIGINAL

# In the United States Court of Federal Claims

No. 15-1344C
(Filed March 10, 2016)
Not For Publication

FILED

MAR 1 0 2016

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHRISTOPHER B. JULIAN, et al., | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

**DAMICH**, Senior Judge:

Plaintiffs Christopher B. Julian ("Mr. Julian") and Renee Julian ("Mrs. Julian") have filed a complaint, *pro se*, alleging a breach of contract and taking without just compensation. The Defendant, the United States Government, filed a Motion to Dismiss in response.

The case is now before the Court on Defendant's Motion to Dismiss. For the reasons discussed herein, the Court GRANTS the Defendant's Motion to Dismiss.

### I.  Background

From what the Court can discern, Mr. Julian and his wife filed a suit in the United States District Court for the Western District of Virginia on September 16, 2013. They alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. § 1964(c). The District Court dismissed Mr. and Mrs. Julian's RICO claim, and the Court of Appeals for the Fourth Circuit affirmed the dismissal. *See Julian v. Rigney*, No. 4:13-cv-00054, 2014 U.S. Dist. LEXIS 38311 (W.D.Va. March 24, 2014), *aff'd*, *Julian v. United States Dep't of Agriculture*, 585 F. App'x. 850 (4th Cir. 2014). The Supreme Court denied their petition for writ of certiorari on April 27, 2015.

Subsequently, Mr. and Mrs. Julian filed this complaint on November 9, 2015 against the United States Department of Agriculture, the District Court of Virginia Western Division, and the Fourth Circuit Court of Appeals. Mr. and Mrs. Julian allege that their due process rights were violated by the district court and the court of appeals in incorrectly ruling on their RICO

claim. Pl.'s Resp. to Mot. to Dismiss 6, 15 (Feb. 3, 2016). Mr. and Mrs. Julian argue that this Court has jurisdiction because the Government breached an implied contract between itself and its citizens. Pl.'s Compl. 12-15 (Nov. 9, 2015).

Mr. and Mrs. Julian also allege a takings claim. Namely, they claim "[t]he courts' unlawful conversion of the express and implied terms of the contract result[ed] in the unlawful taking of personal property lawfully conveyed under the terms of the contract with Plaintiffs." Pl.'s Compl. ¶ 64.

The Government filed a Motion to Dismiss on January 8, 2016. The Government asserts in its Motion to Dismiss that this Court lacks jurisdiction over their claim. Gov't.'s Mot. to Dismiss 4 (Jan. 8, 2016). It also asserts that Mr. and Mrs. Julian do not have a property interest in their RICO claims and therefore this is not a taking. Gov't.'s Mot. To Dismiss 9 (Jan. 8, 2016). Mr. Julian and his wife filed a Response to the Motion to Dismiss on February 3, 2016. The Government replied on February 16, 2016 and Mr. and Mrs. Julian filed a sur-reply on February 24, 2016. The matter is now ripe for disposition.

## II. Standard of Review

When a complaint is filed *pro se*, the Court holds the pleadings of such plaintiffs to "less stringent standards than formal pleadings drafted by lawyers" and liberally construes those pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In ruling on a motion to dismiss pursuant to RCFC 12(b)(1), the Court must accept as true all undisputed factual allegations and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Godwin v. United States*, 338 F.3d 1374, 1377 (Fed. Cir. 2003). The plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Knight v. United States*, 65 Fed. App'x 286, 289 (Fed. Cir. 2003)). If jurisdiction is found to be lacking, this Court must dismiss the action. RCFC 12(h)(3).

RCFC 12(b)(6) requires that parties state a claim upon which relief can be granted. The Court must decide "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. Discussion

### A. The Court does not have the jurisdiction to review another court's rulings.

Mr. and Mrs. Julian are seeking review of the district court's dismissal and the court of appeals' affirmance of the lower court's ruling. The Tucker Act does not provide this Court with

the jurisdiction to review decisions of the district court or the court of appeals. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Furthermore, the plaintiffs assert that their claims are based on the Fifth and Fourteenth Amendments of the United States Constitution. They contend that this Court has jurisdiction over claims arising from federal law that are brought against the United States. However, for this Court to have jurisdiction, the claims must arise from money mandating federal laws. *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (citations omitted). The Fifth and Fourteenth Amendments are not money mandating as they do not provide "a substantive right to money damages." *Id.* Therefore, Mr. and Mrs. Julian's claim is outside of the Court's jurisdiction and shall be dismissed pursuant to RCFC 12(b)(1).

### B. There is no contract.

In the alternative, Mr. Julian and his wife argue that the RICO statute created a contract between the United States and its private, individual citizens and therefore this Court has jurisdiction. There is no evidence that RICO was intended to contractually bind the United States and its citizens. *See* 18 U.S.C. §§ 1961-68; *see also Nat'l R.R. Passenger Corp. v. Atchison Topeka and Santa Fe R.R. Co.*, 470 U.S. 451, 565-66 (1985) (holding that "absent some clear indication that the legislature intends to bind itself contractually, the presumption is that a law is not intended to create private contractual or vested rights..."). There is no indication that the RICO statute creates a contract between the United States and the public. *See* 18 U.S.C. § 1964(c); Gov't.'s Reply 2 (Feb. 16, 2016). Therefore, Mr. and Mrs. Julian fail to state a claim upon which relief can be granted and this claim shall be dismissed under RCFC 12(b)(6).

### C. There is no taking.

This Court has jurisdiction over takings claims. However, a determination must first be made whether the plaintiffs are alleging a compensable property interest that would be considered a taking for the purposes of the Fifth Amendment. *Evans v. United States*, 74 Fed. Cl. 554, 562 (2006).

> [A] court must first establish whether a plaintiff holds a property interest for purposes of the Fifth Amendment and then, if such a property interest exists, determine whether a taking occurred.

*Id.* In this case, Mr. and Mrs. Julian allege a property interest in their RICO claims. Pl.'s Compl. ¶ 64. Specifically, they assert that the taking occurred when the court dismissed their claim. *Id.* The Court of Appeals for the Federal Circuit held in *Belk v. United States* that a dismissal of legal claims was not a compensable property interest. 858 F.2d 706, 709 (Fed. Cir. 1988). While there is a due process right to bring a legal claim in court, there is no guarantee that such a claim will be successful and a claim's failure does not necessarily create a due process violation. Therefore, Mr. and Mrs. Julian do not have a property interest in their RICO claims and thus they fail to state a claim upon which relief can be granted. RCFC 12(b)(6).

### D. Motion for Recusal

Mr. and Mrs. Julian's Response to the Motion to Dismiss included a footnote requesting that this Judge recuse himself from this case. The Government did not address it but, the Court will. Mr. and Mrs. Julian's argument for recusal is the denial of their Motion for Attestation to Taking the Oath of Office[1]. Under 28 U.S.C. § 455, this is not a valid ground for recusal and there is no requirement imposed upon a judicial officer to demonstrate that to a party.

> While federal judges have an analogous statutory obligation to take an oath before performing the duties of their office, see 28 U.S.C. § 453, nothing in this statute (or elsewhere in the law) requires that a district judge demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath.

*In re Anthony*, 481 B.R. 602, 613 (D. Neb. 2012) (quoting *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007)). Therefore, the request for recusal is DENIED.

### IV. Conclusion

For the foregoing reasons, the defendant's motion for dismissal is GRANTED. The Clerk is directed to mark the case closed and enter the judgment accordingly.

*[signature]*
EDWARD J. DAMICH
Senior Judge

---

[1] This motion was filed on January 19, 2016 and was denied on February 4, 2016.